UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IGNACIA GONZALEZ, Individually, On Behalf of All Others Similarly Situated and as Class Representative,<br><br>Plaintiffs,<br><br>-against-<br><br>WASH & SCRUB LAUNDRY, INC. and ALAIDE F. SOARES,<br><br>Defendants. | **COMPLAINT**<br><br>**Civ. (   ) (   )**<br><br>**PLAINTIFF DEMANDS A TRIAL BY JURY**<br><br>**ECF CASE** |

Plaintiff Ignacia Gonzalez ("Plaintiff" or "Ms. Gonzalez"), individually, by her attorneys, Mirer Mazzocchi Schalet & Julien, PLLC, complains of Defendants Alaide F. Soares and Wash & Scrub Laundry, Inc. (collectively referred to herein as "Defendants"), as follows:

## PRELIMINARY STATEMENT

1. This action seeks redress for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") and the New York Labor Law ("NYLL"). Ms. Gonzalez complains that she was denied minimum wages for all hours worked and overtime premium pay for her work hours over forty (40) in a work week. Further, Defendants failed to provide her with the required wage notice or pay the required spread of hours wages due pursuant to the NYLL.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., and the supplemental jurisdiction statute, 28 U.S.C. §1367, in that the state and fede*ral cla*ims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the

United States Constitution.

3. The venue of this action is proper because all of the events or omissions giving rise to the claims occurred within, and Defendants maintain their business location within, the Southern District of New York.

**PARTIES**

4. Ms. Gonzalez is an adult individual residing in New York County, New York. Defendant Wash and Scrub, Inc. Inc. is located at 465 Lenox Ave., New York, NY 10037.

5. Upon information and belief, Defendant Alaide F. Soares ("Defendant Soares") is the owner and President of Defendant Wash and Scrub, Inc., and an individual engaged in active management of the business operations of Defendant Wash & Scrub Laundry, Inc.

6. Defendant Soares was Plaintiff's employer as defined by the FLSA and NYLL.

7. Defendant Soares managed the day-to-day operations of the business and controlled Defendants' labor, wage-hour and other employment policies and practices. Defendant Soares decided whether Plaintiff and the putative class members would receive overtime pay for weekly hours worked over forty (40). Defendant Soares determined and set the policies with respect to automatic deductions from wages and breaks and generally was in charge of the hours worked, wages paid and other terms and conditions of employment with respect to Plaintiff and her similarly situated employees.

8. Defendants have maintained a common policy and practice of, *inter alia*: (a) not paying for all work hours; and, (b) not paying overtime premium pay for all work in excess of forty (40) hours a week.

9. At all relevant times, Defendants employed Ms. Gonzalez.

10. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

11. Upon information and belief, at all relevant times, the gross annual volume of sales made or business done by Defendants was not less than $500,000.00.

12. At all relevant times, Defendants employed employees, such as Ms. Gonzalez who were handling, selling or otherwise working on goods or materials that have moved in or were produced for inter-state commerce. As part of their regular job duties for Defendants, Ms. Gonzalez routinely and regularly used and/or laundry soap, supplies and other items that have moved in the stream of inter-state commerce. Thus, in addition to the enterprise coverage alleged above, Defendants are also subject to the individual coverage of the FLSA.

## FACTS

13. Defendants operate a drop-off and do-it-yourself Laundromat in New York, New York.

14. Ms. Gonzalez was employed by Defendants from in or about February 2010 through July 2015 as a laundry worker.

15. When Ms. Gonzalez began her employment with Defendants, she was required to work 7 days per week and usually worked 9 to 10 hours each day. This went on for about three months.

16. Subsequently, Defendants required Ms. Gonzalez to generally work 6 days per week and she worked between 9 and 10 hours per day.

17. Defendants did not have Plaintiff clock in or out or utilize a computerized time-keeping system.

18. Defendants paid Ms. Gonzalez on an hourly basis but at times, less than the minimum wage. For example, when she began working for Defendants, Ms. Gonzalez was earning $7.00 per hour although the minimum wage was $7.25 per hour.

19. Ms. Gonzalez routinely worked more than forty (40) hours in a work week throughout her employment. Ms. Gonzalez was not paid any overtime premium pay at all and was paid her regular hourly rate for all hours worked.

20. Defendants failed to pay Ms. Gonzalez the required "spread of hours" pay when she worked a spread of hours longer than 10 in a single work day.

21. Defendants failed to provide Ms. Gonzalez with the required notice of wage rate.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

22. Plaintiff Gonzalez repeats and realleges each and every allegation made in paragraphs 1 through 19 of this Complaint.

23. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. §203(d).

24. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

25. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

26. Defendants failed to pay the applicable minimum hourly rate in willful violation of 29 U.S.C. § 206(a) and §255(a) for all work time.

27. Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violation of the New York Minimum Wage Act/New York Labor Law

28.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 27 of this Complaint.

29.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

30.     Defendants willfully failed to pay Plaintiff at the applicable minimum hourly rate in violation of the NYLL for all time worked.

31.     Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

32.     Plaintiff Gonzalez repeats and realleges each and every allegation made in paragraphs 1 through 31 of this Complaint.

33.     Defendants failed to pay Ms. Gonzalez overtime compensation at rates of at least one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, in willful violation of the FLSA.

34.     Ms. Gonzalez has been damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CASE OF ACTION

### Violation of the Overtime Provisions of the New York State Labor Law

35.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 34 of this Complaint.

36.     Defendants failed to pay Plaintiff overtime compensation at rates of one and one-

half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the NYLL.

37. Defendants' failure to pay Plaintiff at the applicable overtime hourly rate was willful within the meaning of NYLL §198.

38. Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Failure to Pay Spread of Hours Pay (12 NYCRR §142-2.4)

39. Ms. Gonzalez repeats and realleges each and every allegation made in paragraphs 1 through 38 of this Complaint.

40. Defendants failed to pay an additional hour of wages at the minimum wage rate on days where Ms. Gonzalez worked a spread of hours longer than ten.

41. Ms. Gonzalez has been damaged in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION

### Failure to Provide Wage Notice (NYLL § 195)

42. Ms. Gonzalez repeats and realleges each and every allegation made in paragraphs 1 through 41 of this Complaint.

43. Defendants failed to provide wage notices and accurate wage statements as required by NYLL § 195.

44. Ms. Gonzalez has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

  A. Awarding Plaintiff damages in the amount of unpaid wages, including hourly wages and overtime premium pay due to her pursuant to the FLSA and the NYLL;

  B. Awarding Plaintiff damages due to penalties and liquidated damages due to her pursuant to the FLSA and the NYLL;

  C. Awarding Plaintiff the amount of unpaid "spread of hours" pay she is due pursuant to 12 N.Y.C.C.R. §142-2.4;

  D. Directing Defendants to provide the required wage notices and pay the statutory fines due to the failure to provide wage notices.

  E. Declaring Defendants' conduct complained of herein to be in violation of the Plaintiff's rights as secured by the NYLL and that it must cease;

  F. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees and costs;

  G. Awarding Plaintiff pre-judgment interest; and,

  H. Granting such further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: January 28, 2016          Respectfully submitted,

         MIRER MAZZOCCHI SCHALET
         & JULIEN, PLLC

         By: s/ Lizabeth Schalet

         Lizabeth Schalet
         Lschalet@mmsjlaw.com

         150 Broadway, Suite 1200
         New York, NY  10038
         Telephone:     (212) 231-2235